UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-61811-Civ-COOKE/HUNT

PATRICIA KENNEDY,

    Plaintiff,

vs.

CAPE SIESTA MOTEL, LLC., and FAWLTY TOWERS, INC.,

    Defendants.

_____/

## DEFAULT JUDGMENT

THIS MATTER is before me on upon Plaintiff's Motion for Entry of Default Judgment (ECF No. 18). I have reviewed the record and note the defaults entered by the Clerk of the Court on September 4, 2018 (ECF Nos. 14, 15). On October 28, 2018, I ordered Defendants to show cause why Plaintiff's Motion should not be granted. (ECF No. 19). To date, Defendants have failed to respond to my Order to Show Cause, and the time to do so has passed.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, final judgment pursuant to Federal Rule of Civil Procedure 55(b) may be entered if there is a sufficient basis in the pleadings to support the relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entered a default judgment…, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."); *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307.

Accepting the well-pleaded allegations of the Complaint as true, Plaintiff has demonstrated that she is entitled to injunctive relief under the Americans with Disabilities

Act ("ADA"), 42 U.S.C. § 1281, et seq. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Default Judgment (ECF No. 18) is **GRANTED**. Default Judgment is entered in favor of Plaintiff Patricia Kennedy and against Defendants Cape Siesta Motel, LLC and Fawlty Towers, Inc.

2. Defendants are **ORDERED** to comply with all sections of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1281, et seq., and the ADA Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36. Specifically, Defendants shall revise their website to comply with 28 C.F.R. Section 36.302(e) and implement a policy to monitor and maintain the website so that it remains in compliance.

3. Defendants shall adhere to this Default Judgment within four (4) months of entry of this judgment. On or before four (4) months from the date of this Default Judgment, Plaintiff shall file with this Court an appropriate Notice of Compliance, setting forth in detail whether Defendants have conformed their website to the requirements of the ADA.

4. The Court retains jurisdiction relating to the Plaintiff's attorney's fees and costs. Any such motion shall be filed within thirty (30) days of entry of this Default Judgment.

5. The Clerk of the Court is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 18th day of January 2019.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of Record*